UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-21213-CIV-LENARD/O'SULLIVAN

MARIANO MOSCHINI,

        Plaintiff,

v.

CAFÉ RAGAZZI, INC., HUMBERTO
REGLERO, and MARLENE RODRIGUEZ,

        Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, MARIANO MOSCHINI ("Moschini"), files his Second Amended Complaint against Defendants, CAFÉ RAGAZZI, INC. ("CRI"), HUMBERTO REGLERO ("Reglero"), and MARLENE RODRIGUEZ ("Rodriguez"), and states:

### GENERAL ALLEGATIONS

1. This is an action for money damages and injunctive relief brought to redress violations of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA").

2. More specifically, this action is brought by Moschini to recover unpaid overtime wages due to him from Defendants, and to address retaliation against him by Defendants as a result of his filing this lawsuit.

3. This Court has both federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331; and diversity jurisdiction under 28 U.S.C. §1332.

4. Venue is proper in this forum.

5. At all times material, Moschini was a resident of the Southern District of Florida.

6. At all times material, CRI was a Florida corporation, duly registered, with its principal

place of business in Surfside, Miami-Dade County, Florida. CRI operates a restaurant called "Café' Ragazzi." The restaurant satisfies the jurisdictional limits of the FLSA in that it has gross revenues in excess of $500,000.00 per year.

7. CRI is subject to enterprise coverage under the FLSA; it engages in interstate commerce in that its employees handle goods or materials, including foodstuffs, that have been moved in or produced for commerce.

8. At all times material, REGLERO and RODRIGUEZ were owners of CRI, and had operational control and authority over CRI's payroll practices.

**SPECIFICS OF PLAINTIFF'S CLAIM IN ACCORDANCE WITH COURT'S ORDER**

9. Moschini was employed as a cook by CRI from late 2010 until February of 2012, when he went out on a worker's compensation injury.

10. Moschini was compensated at a rate of $15.00 per hour.

11. In connection with his employment, Moschini was required to work, on average, between 45 and 60; some weeks he worked as many as 69 hours.

12. However, Moschini never received the appropriate overtime pay for hours worked in excess of 40 per week, instead receiving the same $600.00 per week.

13. Moschini kept a log, attached as Exhibit "A;" of his hours worked between January 3, 2011 and February 12, 2012.

14. Based on Moschini's records, it appears that he was uncompensated for 338 hours of overtime work.

15. Thus, using Moschini's base rate of $15.00 per hour, his overtime rate would be $22.50 per hour.

16. Accordingly, Moschini's overtime claim totals $7,605.00, in addition to liquidated damages in the same amount, in addition to attorney's fees and costs. This is separate from his retaliation claim.

## COUNT I – UNPAID OVERTIME – CRI

17. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

18. CRI's actions, as set forth herein, were such that CRI willfully and/or recklessly violated the FLSA.

19. As a result of CRI's actions as described herein, Moschini has suffered damages, and is entitled to recover back pay, liquidated damages, and reasonable attorney's fees; and he is further entitled to all other relief specified in the FLSA.

20. The actions of CRI have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover from CRI.

21. Moschini is also entitled to declaratory relief in the form of this Court's pronouncement that the practices of CRI as described herein are illegal and improper; further, Moschini also prays to the Court for injunctive relief commanding CRI to cease and desist the described actions immediately.

## COUNT II – RETALIATION – CRI

22. Plaintiff realleges paragraphs 1-15 and incorporates them herein.

22. This is a claim for retaliatory discharge in violation of Plaintiff's rights under 29 U.S.C. §215(a)(3).

23. Moschini was cleared to return to work shortly after this lawsuit was served and filed.

24. Upon his return, Moschini was angrily confronted by CRI's owner, who informed

Moschini that he was immediately terminated as a result of his having the temerity to sue CRI.

25. The actions of CRI as described constitute a retaliatory discharge under the FLSA.

26. As a result of CRI's conduct, Moschini has suffered damages, including the loss of back pay and front pay and resultant emotional damages.

27. The actions of CRI were an intentional and willful violation of the FLSA, entitling Moschini to recover liquidated and/or punitive damages.

28. The actions of CRI have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which they are entitled to recover.

## COUNT III – OVERTIME – REGLERO

29. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

30. Reglero is responsible for the day to day management of CRI, including its financial practices. Reglero was responsible for determining the amounts to be paid to MOSCHINI and other employees, determining MOSCHINI'S work hours, and determining MOSCHINI's job duties. By virtue of such operational control and authority, Reglero is an "employer" as defined by 29 U.S.C. §203(d).

31. Reglero's actions, as set forth herein, were such that Reglero willfully and/or recklessly violated the FLSA.

32. As a result of Reglero's actions as described herein, Moschini has suffered damages, and is entitled to recover back pay, liquidated damages, and reasonable attorney's fees; and he is further entitled to all other relief specified in the FLSA.

33. The actions of Reglero have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover from Reglero.

34. Moschini is also entitled to declaratory relief in the form of this Court's pronouncement that the practices of Reglero as described herein are illegal and improper; further, Moschini also prays to the Court for injunctive relief commanding Reglero to cease and desist the described actions immediately.

### COUNT IV – RETALIATION – REGLERO

35. Plaintiff realleges paragraphs 1-15 and incorporates them herein.

36. This is a claim for retaliatory discharge in violation of Plaintiff's rights under 29 U.S.C. §215(a)(3).

37. Moschini was cleared to return to work shortly after this lawsuit was served and filed.

38. Upon his return, Moschini was angrily confronted by Reglero and/or Rodriguez, who informed Moschini that he was immediately terminated as a result of his having the temerity to sue CRI.

39. The actions of Reglero as described constitute a retaliatory discharge under the FLSA.

40. As a result of Reglero's conduct, Moschini has suffered damages, including the loss of back pay and front pay and resultant emotional damages.

41. The actions of Reglero were an intentional and willful violation of the FLSA, entitling Moschini to recover liquidated and/or punitive damages.

42. The actions of Reglero have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which they are entitled to recover.

### COUNT V – OVERTIME – RODRIGUEZ

43. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

44. Rodriguez is responsible for the day to day management of CRI, including its

financial practices. Rodriguez was responsible for determining the amounts to be paid to MOSCHINI and other employees, determining MOSCHINI'S work hours, and determining MOSCHINI's job duties. By virtue of such operational control and authority, Rodriguez is an "employer" as defined by 29 U.S.C. §203(d).

45. Rodriguez's actions, as set forth herein, were such that Rodriguez willfully and/or recklessly violated the FLSA.

46. As a result of Rodriguez's actions as described herein, Moschini has suffered damages, and is entitled to recover back pay, liquidated damages, and reasonable attorney's fees; and he is further entitled to all other relief specified in the FLSA.

47. The actions of Rodriguez have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover from Rodriguez.

48. Moschini is also entitled to declaratory relief in the form of this Court's pronouncement that the practices of Rodriguez as described herein are illegal and improper; further, Moschini also prays to the Court for injunctive relief commanding Rodriguez to cease and desist the described actions immediately.

## COUNT VI – RETALIATION – RODRIGUEZ

49. Plaintiff realleges paragraphs 1-15 and incorporates them herein.

50. This is a claim for retaliatory discharge in violation of Plaintiff's rights under 29 U.S.C. §215(a)(3).

51. Moschini was cleared to return to work shortly after this lawsuit was served and filed.

52. Upon his return, Moschini was angrily confronted by Rodriguez and/or Reglero, who informed Moschini that he was immediately terminated as a result of his having the temerity to sue

Moschini v. Café Ragazzi
Case No. 12-21213-CIV-JAL
Page 7

CRI.

53.     The actions of Rodriguez as described constitute a retaliatory discharge under the FLSA.

54.     As a result of Rodriguez's conduct, Moschini has suffered damages, including the loss of back pay and front pay and resultant emotional damages.

55.     The actions of Rodriguez were an intentional and willful violation of the FLSA, entitling Moschini to recover liquidated and/or punitive damages.

56.     The actions of Rodriguez have forced Moschini to hire the undersigned attorneys and pay them a reasonable fee, which they are entitled to recover.

WHEREFORE, Plaintiff demands judgment against Defendant for money damages, court costs, reasonable attorney's fees, prejudgment interest on all liquidated damages, equitable relief in the form of reinstatement or front pay, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

FEILER & LEACH, P.L.
Attorneys for Plaintiff
901 Ponce de Leon Blvd., Penthouse Suite
Coral Gables, FL 33134-3009
Tel. (305) 441-8818  Fax (305) 441-8081
mbf@flmlegal.com

By:  /s/ Michael B. Feiler
    Michael B. Feiler
    Board Certified Civil Trial Lawyer
    Fla. Bar No. 098477

Moschini v. Café Ragazzi<br>
Case No. 12-21213-CIV-JAL<br>
Page 8

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2012, I electronically filed the foregoing document the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/Michael B. Feiler    

**SERVICE LIST**

Matthew L. Jones, Esq.
W. Steven Adams, Esq.
9155 S. Dadeland Blvd. #1506
Miami, FL 33156